RECEIVED
IN LAKE CHARLES, LA
MAR 0 6 2009
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| RAINEY WALLACE | : | DOCKET NO. 2:08-cv-1030 |
| VS. | : | JUDGE TRIMBLE |
| GEO GROUP, INC., ET AL. | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Plaintiff Rainey Wallace filed the instant suit in the Thirty-Third Judicial District Court, Allen Parish, Louisiana on June 24, 2008. Plaintiff requested service by the court on all named defendants, but defendant Trekuisek Lawrence could not be located and was not served. Docs. 1-1, 1-2. The case was removed to federal court on the basis of federal question jurisdiction on July 18, 2008. Plaintiff has failed to effectuate service on named defendant Trekuisek Lawrence as of March 5, 2009.

According to LR 41.3W, "[a] civil action may be dismissed . . . for lack of prosecution . . . . [w]here no service of process has been made within 120 days after filing of the complaint." It is THEREFORE RECOMMENDED that plaintiff's claims against defendant Trekuisek Lawrence be DISMISSED WITHOUT PREJUDICE.

Pursuant to LR41.3W, plaintiff is allowed ten calendar days from the mailing of this notice to file evidence of good cause for failure to act. Additionally, under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at

the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this \_\_\_ day of March, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE