RECEIVED
IN LAKE CHARLES, LA

MAY 12 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| RAINEY WALLACE | * | CIVIL NO. 08-1030 |
| VERSUS | * | JUDGE TRIMBLE |
| GEO GROUP, INC., ET AL. | * | MAGISTRATE JUDGE KAY |

## ORDER

Defendants removed this action to federal court from the 33rd Judicial District Court for the Parish of Allen, State of Louisiana on July 18, 2008 based on the advancement of claims by plaintiff pursuant to 42 U.S.C. § 1983. Doc. 1. Thus, defendants alleged the removal was proper pursuant to 28 U.S.C. § 1441. *Id.*

On March 13, 2009, plaintiff sought leave of court to amend his Complaint to remove any allegations brought pursuant to federal law. Doc. 9. The court granted the motion on March 25, 2009. Doc. 11.

On April 14, 2009, plaintiff filed a Motion to Remand these proceedings to state court on the basis that no federal claims remained. Doc. 14. On April 17, 2009, the court received the letter attached to this Order indicating that defendants do not oppose remand.

When all claims under federal law are eliminated from an action, the court has discretion to remand remaining state law claims. *Brookshire Brothers v. Dayco Products, Inc.*, 554 F.3d 595 (2009); 28 U.S.C. § 1367. Here few proceedings have taken place in federal court. Moreover, defendants indicate they do not oppose remand.

Thus, the court finds that no circumstances prevent it from following the general rule that it "should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Brookshire Brothers*, 554 F.3d at 602.

Accordingly, IT IS ORDERED that plaintiff's Motion to Remand is GRANTED and this case is REMANDED to the 33rd Judicial District Court, Allen Parish, Louisiana for further proceedings as may be necessary.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on this 20th day of May, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

LAW OFFICES
# PLAUCHÉ, SMITH & NIESET

ALLEN L. SMITH, JR.
JAMES R. NIESET
FRANK M. WALKER, JR.
MICHAEL J. MCNULTY, III
JEFFREY M. COLE
CHARLES V. MUSSO, JR.
CHRISTOPHER P. IEYOUB
H. DAVID VAUGHAN, II
JOSEPH R. POUSSON, JR.
V. ED MCGUIRE, III
ERIC W. ROAN
KENDRICK J. GUIDRY
MATTHEW P. KEATING*
MICHAEL J. WILLIAMSON
SAMUEL B. GABB

A PROFESSIONAL LAW CORPORATION
1123 PITHON STREET
LAKE CHARLES, LOUISIANA 70601

A. LANE PLAUCHÉ (1919-2006)
S.W. PLAUCHÉ (1889-1952)
S.W. PLAUCHE, JR. (1915-1966)

P.O. DRAWER 1705
LAKE CHARLES, LOUISIANA 70602

(337) 436-0522
FAX (337) 436-9637

* also admitted in Texas

RECEIVED
IN LAKE CHARLES, LA

MAY 1 2 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

April 17, 2009

Honorable Kathleen Kay
Edwin F. Hunter, Jr., United States Courthouse and Federal Building
611 Broad Street, Suite 188
Lake Charles, Louisiana 70601

    Re:    Rainey Wallace v. The GEO Group, Inc., et al
           CA No. 2:08-cv-1030

Dear Judge Kay:

    The law firm of Plauche, Smith & Nieset represents The GEO Group, Inc., Travis Weldon; and Joshua Manuel, defendants in the referenced litigation. In this regard, Raniey Wallace, plaintiff, has filed a motion to remand these proceedings on the basis that plaintiff has, since the removal of this matter, eliminated all claims under federal law, including any claims plaintiff might have asserted under 42 U.S.C. § 1983. See Rec. Doc. 14. As plaintiff noted in his motion to remand, with the elimination of all claims under federal law, the Court now has discretion to remand plaintiff's state law claims. See Buchner v. Federal Deposit Ins. Corp., 981 F.2d 816, 820 (5th Cir. 1993), citing Carnegie-Mellon University v. Cohill, 484 U.S. 343, 357, 108 S.Ct. 614, 623, 98 L.Ed. 2d 720 (1988) (district court had discretion to remand to state court a removed case involving only pendent state law claims); accord, Millar v. Bay Area Rapid Transit District, 236 F.Supp.2d 1110, 1119 (N.D. Cal. 2002). In any event, based upon the elimination of plaintiff's allegations under federal law, defendants will not oppose plaintiff's motion to remand.

Honorable Kathleen Kay
April 17, 2009
Page 2

    As always, if I can provide additional information or assistance, please do not hesitate to call. With kindest personal regards, I remain

                    Sincerely,

                    **PLAUCHE, SMITH & NIESET**

                    SAMUEL B. GABB

SBG/sld

cc:    Mr. Joseph Pousson
       Mr. Roy Maughan, Sr.